(Reap. Dec. 9330)

F. L. KRAEMER & Co. *v.* UNITED STATES

Entry Nos. 812114; 824397; 797112.

(Decided February 24, 1959)

*Brooks & Brooks* (*Thomas J. McKenna* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

DONLON, Judge: These appeals for reappraisement have been consolidated and submitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties hereto that the submission in the above-entitled case be set aside in order to amplify the record by indicating the dates of exportation and the unit invoice prices for each individual item of the merchandise here involved.

IT IS THEREFORE STIPULATED AND AGREED that:

1. The three reappraisement appeals herein may be consolidated;

2. That the merchandise covered by reappraisement nos. 250843A and 250844A was exported from Malaya on December 15, 1951, and was freely offered for sale at the time of exportation herein to all purchasers in the principal markets of Malaya from whence exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at a price equal to the following unit invoice prices in sterling converted into Canadian currency on the basis of 6.875 shillings sterling per each Canadian dollar, net packed;

| Thickness | Sterling rate per square foot | |
| --- | --- | --- |
| | Shillings | Pence |
| ¼ inches | 7 | 8 |
| ⅟₁₆ " | 2 | 5½ |
| ⅛ " | 3 | 10½ |
| ⁵⁄₁₆ " | 9 | 6½ |
| ⅜ " | 11 | 5¼ |

That the merchandise covered by reappraisement number 250845A was exported from Malaya on November 18, 1951 and was freely offered for sale at the time of exportation herein to all purchasers in the principal markets of Malaya from whence exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at a price equal to the following unit invoice prices in sterling converted into Canadian currency on the basis of 6.751 shillings sterling per each Canadian dollar, net packed:

| Thickness | Sterling rate per square foot | |
| --- | --- | --- |
| | Shillings | Pence |
| ⅟₁₆ inches | 2 | 5½ |
| ³⁄₃₂ " | 3 | 4½ |
| ⅛ " | 4 | 10 |
| ³⁄₁₆ " | 7 | 2½ |
| ¼ " | 9 | 7 |

3. That such or similar goods were not offered for sale in Malaya for home consumption at any higher price, and

4. That the instant cases are submitted on this stipulation of fact.

IT IS FURTHER STIPULATED AND AGREED that the above-entitled case be resubmitted on this stipulation and the record heretofore made be stricken.

Accepting this stipulation as an agreed statement of facts, I find and hold that export value, as defined in section 402(d) of the Tariff Act of 1930, is the proper basis for determining the value of the linatex rubber here involved; that, in reappraisements 250843–A and 250844–A, such value is the unit invoice prices in sterling converted into Canadian currency on the basis of 6.875 shillings sterling per each Canadian dollar, net packed, as follows:

| Thickness | Sterling rate per square foot | |
| --- | --- | --- |
| | Shillings | Pence |
| ¼ inches | 7 | 8 |
| ¹⁄₁₆ " | 2 | 5½ |
| ⅛ " | 3 | 10½ |
| ⁵⁄₁₆ " | 9 | 6½ |
| ⅜ " | 11 | 5¼ |

and, in reappraisement 250845–A, such value is the unit invoice prices in sterling converted into Canadian currency on the basis of 6.751 shillings sterling per each Canadian dollar, net packed, as follows:

| Thickness | Sterling rate per square foot | |
| --- | --- | --- |
| | Shillings | Pence |
| ¹⁄₁₆ inches | 2 | 5½ |
| ³⁄₃₂ " | 3 | 4½ |
| ⅛ " | 4 | 10 |
| ³⁄₁₆ " | 7 | 2½ |
| ¼ " | 9 | 7 |

Judgment will be entered accordingly.